UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HARTENSE WALTON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV820 CDP |
| | ) | |
| SMURFIT-STONE CONTAINER | ) | |
| ENTERPRISES, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Hartense Walton worked on a sorting line at the Smurfit-Stone recycling plant from 1998 until she was terminated in 2005. In this Title VII action, Walton alleges that she was sexually harassed and retaliated against by her co-workers and Theodore Crenshaw, the lead person on the sorting line. Walton contends that she complained about the harassment – which included sexual comments, repeated requests for sexual intercourse, sexual gestures, sexually explicit profanity, pornographic images, kissing, touching, and being struck with recycled materials – to the plant manager, but he told her that was just the environment she worked in and the harassment continued. Walton alleges that after the plant manager talked to Walton's co-workers and Crenshaw about her complaints, they began retaliating against her. Walton even called the police to the plant twice after Crenshaw

allegedly struck her with recyclable cardboard from the sorting line. Following the second incident with the police, Walton was asked to leave the plant. Walton contends that she was fired in retaliation for her complaints about sexual harassment; Smurfit-Stone argues that Walton was suspended and later terminated for insubordination and disruptive behavior.

Smurfit-Stone now moves for summary judgment, contending that Walton's sexual harassment and retaliation claims fail as a matter of law. After careful review of the entire record, I will deny the motion. A court may grant a motion for summary judgment only if it finds that all the evidence before it demonstrates "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden is on the moving party. Id. The court must view all facts and resolve all ambiguities in favor of the non-moving party. Id. However, the non-moving party must set forth specific facts showing that there is sufficient evidence to allow a jury to return a verdict in that party's favor. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).

Title VII protects an employee from discriminatory conduct that is so severe and pervasive as "to create an objectively hostile or abusive work environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). "This occurs when the

workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." White v. Honeywell, Inc., 141 F.3d 1270, 1275 (8th Cir. 1998).

Whether a hostile environment existed can be determined only by examining the totality of the circumstances surrounding the alleged conduct, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris, 510 U.S. at 23. Thus, "[e]vidence of a hostile environment must not be compartmentalized, but must instead be based on the totality of circumstances of the entire hostile work environment." Delph v. Dr. Pepper Bottling Co. of Paragould, Inc., 130 F.3d 349, 355 (8th Cir. 1997) (internal quotations and alteration omitted).

If this threshold is met, I must determine whether the alleged harassers are co-workers, supervisors, or both. "[T]o be considered a supervisor, 'the alleged harasser must have had the power (not necessarily exercised) to take tangible employment action against the victim, such as the authority to hire, fire, promote, or reassign to significantly different duties.' " Weyers v. Lear Operations Corp., 359 F.3d 1049, 1057 (8th Cir. 2004) (quoting Joens v. John Morrell & Co., 354

F.3d 938, 940 (8th Cir. 2004)). "The fact that an alleged harasser may have been a team leader with the authority to assign employees to particular tasks will not be enough to make that person a supervisor." Merritt v. Albemarle Corp., 496 F.3d 880, 883 (8th Cir. 2007) (internal quotation marks omitted). For the co-workers, Walton must show that Smurfit-Stone "knew or should have known of the co-worker's conduct and failed to take proper remedial action." Merritt, 496 F.3d at 883. If, however, one or more of the alleged harassers was Walton's supervisor, Smurfit-Stone "is vicariously liable for the harassment unless it can establish the affirmative defense defined in Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998), and Faragher v. City of Boca Raton, 524 U.S. 775 (1998)." Id.

Smurfit-Stone argues that it is entitled to summary judgment on Walton's sexual harassment claim because the harassment was not severe and pervasive. However, many of the facts concerning the nature and severity of the harassment are hotly disputed and resolution of this claim will largely depend on credibility determinations that cannot be made at this stage of the proceedings.[1] See

---

[1] Smurfit-Stone erroneously argues that Walton's co-worker should be precluded from testifying about the harassment of Walton that he witnessed because Walton allegedly did not recall the same incidents during her deposition. Smurfit-Stone cites to the line of cases holding that "sham issues" of material fact are insufficient to evade summary judgment. While this is true, it does not apply here because it is Walton's co-worker, not Walton, who is testifying about the harassment he witnessed. Therefore, even if Walton was asked and did not specifically recall these alleged instances of harassment in her deposition, she is not contradicting her own prior testimony. More importantly, the excerpts of Walton's deposition that were provided by

Hathaway v. Runyon, 132 F.3d 1214, 1221 (8th Cir. 1998); Carter v. Chrysler Corp., 173 F.3d 693, 701 (8th Cir. 1999); Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1378 (8th Cir. 1996) ("The question of whether particular conduct was unwelcome will turn largely on credibility determinations by the trier of fact.") (internal citations omitted). For this reason, summary judgment cannot be granted on Walton's claim of sexual harassment.

Smurfit-Stone also argues that it is entitled to summary judgment because it took steps reasonably calculated to end the alleged harassment by Crenshaw and Walton's co-workers. Walton responds that Smurfit-Stone should be held vicariously liable for Crenshaw's behavior because he was her supervisor. Under Eighth Circuit law, Crenshaw is Walton's co-worker, not her supervisor. Walton does not dispute that Crenshaw[2] could not discipline a worker on the sorting line, but she contends that he should be considered her supervisor because he could determine where the employees on the sorting line should work and how fast the conveyor belts should move down the line. As a matter of law, these duties are

---

Smurfit-Stone do not demonstrate that Walton testified that these events, or events similar to them, did not occur. Although the timing and extent of Walton's recollections may be fodder for cross-examination at trial, they are not an appropriate basis upon which to award summary judgment. Resolution of this issue, like so many others in this case, depends upon credibility determinations which are for the jury, not me, to decide.

[2]She does not even argue that Crenshaw had the ability to hire or fire employees.

insufficient to make the lead person a supervisor within the meaning of <u>Faragher</u> and <u>Ellerth</u>. See <u>Weyers</u>, 359 F.3d at 1057 (holding that the fact that the alleged harasser may have been a team leader who was responsible for ensuring that an assembly line ran according to schedule and assigned tasks on the line was not enough to make that person a supervisor); <u>Merritt</u>, 496 F.3d at 884 (alleged harasser was co-worker, not supervisor, because he lacked the authority to take "tangible employment actions as hiring, firing, or promoting" and was not a supervisor merely because he had the authority to assign plaintiff to work with an "unsafe co-worker").

Therefore, Walton must show that Smurfit-Stone knew or should have known of Crenshaw's and the other co-workers' conduct and failed to take proper remedial action. See <u>Merritt</u>, 496 F.3d at 883. Although the plant manager eventually talked to Crenshaw and the other alleged harassers in response to Walton's complaints, it is a question of fact for the jury to decide whether this amounted to prompt and appropriate remedial action given the nature and severity of the conduct and the circumstances under which much of the conduct took place. Based on the evidence in the record, a rational jury might well conclude that Walton was subjected to sexual harassment and that Smurfit-Stone failed to take prompt and appropriate remedial action reasonably calculated to end the

harassment. Because many of the facts concerning Smurfit-Stone's response to Walton's complaints are contested, resolution of this claim will largely depend on credibility determinations. I will deny summary judgment on Walton's sexual harassment claim.

To establish a prima facie case of retaliatory discrimination under Title VII, Walton must show: (1) that she engaged in statutorily protected activity, (2) an adverse employment action was taken, and (3) a causal connection between the two events. See Bassett v. City of Minneapolis, 211 F.3d 1097, 1104-05 (8th Cir. 2000); see also Kim v. Nash Finch Co., 123 F.3d 1046, 1063 (8th Cir. 1997). Smurfit-Stone argues that it is entitled to summary judgment because Walton cannot demonstrate a causal connection between her between her complaints of sexual harassment and her suspension and termination. Smurfit-Stone argues that Walton was suspended and then terminated for a legitimate, non-discriminatory reason, i.e., her "disruptive" behavior. Of course, this hotly contested issue is at the crux of this case, and there are many disputed facts surrounding the events that were used to justify Walton's suspension and termination. Viewed in the light most favorable to Walton, when the temporal proximity between Walton's complaints and the events leading to her termination is combined with the other evidence in the record, a reasonable jury could well infer that Smurfit-Stone

suspended and then fired Walton in retaliation for her complaints of harassment. Summary judgment will be denied.

Finally, I note that when Walton filed her amended complaint she brought an additional state-law claim of battery against Crenshaw. Although Crenshaw was joined as an additional defendant, he was never served with process. The time for service expired long ago, and in a footnote of its brief in support of summary judgment, Smurfit-Stone seeks dismissal of Walton's claims against Crenshaw under Rule 4(m) of the Federal Rules of Civil Procedure. Walton made no response to this request. Under these circumstances , I will exercise my discretion to dismiss Walton's state-law battery claim against Crenshaw without prejudice for failure to obtain timely service. See Fed. R. Civ. P. 4(m). Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#39] is denied.

**IT IS FURTHER ORDERED** that plaintiff's complaint against Theodore Crenshaw is dismissed without prejudice for failure to obtain timely service.

                                                     _Catherine D. Perry_
                                                     CATHERINE D. PERRY
                                                     UNITED STATES DISTRICT JUDGE
Dated this 4th day of February, 2008.